THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD REVIELLO | : |
| Plaintiff | : |
| v. | : 3:12-CV-312 |
| | : (JUDGE MARIANI) |
| BLUHM'S GAS SALES, INC., et al., | : |
| Defendants | : |

## MEMORANDUM OPINION

### I. Introduction and Procedural History

Plaintiff Gerald Reviello filed a Complaint on February 16, 2012, alleging that Defendants had violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.* and Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* by failing to post adequate notice of surcharge fees on their automated teller machine ("ATM") when Plaintiff made a withdrawal on May 25, 2011. (Compl., Doc. 1, ¶¶ 5, 7, 17). The Complaint also requested that the Court certify a class action against Defendants.

Defendants moved for summary judgment, and on October 12, 2012, the Court ordered each party to submit sworn affidavits authenticating the photographs of Defendants' ATM, which purport to show the prominence (or lack thereof) of any and all posted fee notices. (Doc. 19). The parties timely complied with the Court's instructions to authenticate the photographs. (Docs. 20, 21). The motion has been briefed fully and is ripe for review. For the following reasons, the Court will deny Defendants' Motion.

## II. Statement of Facts

Plaintiff alleges he is "visually handicapped." (Compl. at ¶ 13). On May 25, 2011, Plaintiff made an electronic funds transfer at Defendants' ATM and was charged a $1.75 fee. (*Id.* at ¶¶ 17, 19; Ex. A, at 1). Plaintiff attached three photos to his Complaint which purportedly show that there was no prominent and conspicuous notice of any surcharge fee "on or at" the ATM at the time the photos were taken. (*Id.* at ¶¶ 20, 21, Ex. A at 2-4).

In support of their motion for summary judgment, Defendants submitted an affidavit from Anthony Bluhm, operator of Defendant Bluhm's Shopping Center. (Bluhm Aff. I, Doc. 14, ¶ 1). In his affidavit, Bluhm testifies that the ATM in question "does display an on-screen notice to users which informs them that a fee will be charged and provides the user with the option to terminate the transaction prior to the fee being imposed." (*Id.* at ¶ 4). Furthermore, "[a]ttached to the exterior of the ATM is a standard Fee Notice." (*Id.* at ¶ 5). Photographs attached to Bluhm's affidavit also purportedly show that the requisite notices were present both on the screen and on the ATM itself at the time the photos were taken. (Doc. 14, at 4-8).

Finally, Bluhm stated that he was "unaware of the Fee Notices not being attached to the ATM on the date of the Plaintiff's alleged use [May 25, 2011] of same," and he was "similarly unaware that the on-screen fee notification was not fully operational on the day the Plaintiff allegedly used the ATM." (Bluhm Aff. I at ¶ 8). However, Bluhm's second affidavit states that a white fee notice was affixed as of May 25, 2011. (Bluhm Aff. II, Doc. 20, ¶ 9).

2

## III. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## IV. Analysis

The EFTA requires notice that a fee is imposed by the operator be "posted in a prominent and conspicuous location" on the machine. 15 U.S.C. § 1693b(d)(3)(B)(i). It also requires that notice of a fee and its amount be posted "on the screen" of the ATM. *Id.* at § 1693b(d)(3)(B)(ii). The safe-harbor provision of the EFTA provides that if the ATM operator complies with the on-the-machine notice requirement and "the notice is subsequently

removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title." *Id.* at § 1693h(d).

Defendants' affidavit in support of their motion states that on May 25, 2011, Bluhm was "unaware of the Fee Notices not being attached to the ATM on the date of the Plaintiff's alleged use [May 25, 2011] of same," and he was "similarly unaware that the on-screen fee notification was not fully operational on the day the Plaintiff allegedly used the ATM." (Bluhm Aff. I at ¶ 8). According to this affidavit, the notices may or may not have been displayed on May 25, 2011. However, Defendant Bluhm's second affidavit states that the white fee notice was affixed as of May 25, 2011. (Bluhm Aff. II, Doc. 20, ¶ 9).

Defendants' revised affidavit submitted in response to the Court's October 12th Order discloses that the photos attached to the affidavit were taken after Plaintiff's May 25, 2011 transaction (*i.e.*, on April 8, 2012). (*Id.* at ¶¶ 5-9). Furthermore, the affidavit states that both the red-and-black fee notice and the braille notice were not affixed to the ATM at the time of Plaintiff's transaction on May 25, 2011, but rather, affixed at some point after May 25, 2011 but before Defendants received Plaintiff's Complaint. (*Id.* at ¶¶ 6, 8). Therefore, it is irrelevant that the ATM now has the red-and-black fee notice and the braille notice affixed to it, and the Court will not take these notices into consideration.

Nevertheless, Bluhm's second affidavit states that the white fee notice had been affixed to the ATM at the time of Plaintiff's May 25, 2011 transaction and that the

4

photograph exhibit was an accurate representation of the notice on that date. (*Id.* at ¶ 9). Both parties' photographs show a white fee notice: Defendants' photograph shows that the notice informs a customer of the $1.75 surcharge fee, whereas Plaintiff's photograph shows only the lower portion of the notice without the information regarding the surcharge fee. (*Compare* Doc. 14, at 6 *with* Doc. 1, Ex. A, at 2). Therefore, there is no dispute that as of the date of Plaintiff's May 25, 2011 transaction, there was *a* fee notice posted on the ATM. The question then becomes whether the white fee notice was in a "prominent and conspicuous location." *See* 15 U.S.C. § 1693b(d)(3)(B)(i).

Plaintiff's affidavit states that his photographic exhibit was taken "immediately subsequent" to the May 25, 2011 withdrawal. (Reviello Aff., Doc. 21, ¶ 7). At the time he used the ATM, "[a]ny alleged notice present was less than eighteen inches from the floor, was almost completely obstructed by the lip of the machine, and was in less than two point type." (*Id.* at ¶ 2). Plaintiff's second affidavit swears that the obstruction of the notice by the lip of the machine is an accurate representation of the ATM at the time Plaintiff used it. (*Id.* at ¶ 7).

As such, the Court determines there is a genuine dispute as to a material fact: namely, whether the white fee notice was posted in a prominent and conspicuous location. Because each side claims that its depiction of the white fee notice is accurate, yet the depictions differ from one another, there exists a genuine dispute of material fact, and accordingly, the Court must deny Defendants' motion for summary judgment.

## V. Conclusion

For the foregoing reasons, the Court will deny Defendants' Motion for Summary Judgment. (Doc. 12). A separate Order follows.

Robert D. Mariani
United States District Judge

6